IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS RICHARDSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 08-0612-WS-C** |
| ) | |
| **ALABAMA STATE PORT** ) | |
| **AUTHORITY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on a motion to dismiss filed by defendant Alabama State Port Authority ("the Port"). (Doc. 5). The plaintiff declined the opportunity to respond. (Doc. 6).

The plaintiff filed this action on October 17, 2008. His motion for leave to proceed in forma pauperis, (Doc. 2), was mooted by his payment of the filing fee on November 20, 2008. (Doc. 4). The docket sheet reflects that he was sent proposed summons by the clerk on December 8, 2008. As of this date, there is no return of service in the file, and the Port affirmatively represents that it has not been served with process.

"If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Port's motion to dismiss, filed February 23, 2009, requests dismissal under Rule 4(m). Had the plaintiff shown good cause for his failure to serve process, the Court would be required to allow an additional time for service. *Id*. Here, however, even after being alerted that his complaint was subject to dismissal for failure to perfect service, the plaintiff has not attempted to show good cause, or any cause, for his failure. He is therefore not entitled to additional time as a matter of right.

In determining whether to exercise its discretion to extend the time for service

despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed.  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  This is "not an exhaustive list" of factors a court may consider.  *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

The Port plainly is not evading service, since it has appeared in this action.  Nor could the Port be concealing defects in service, since it advised the plaintiff months ago that it has not been served.  There is no suggestion that co-defendant Labor Union Local 1984 ("the Union") is evading service.  If it were, the plaintiff could reasonably be expected to have so notified the Court at some point in the past six months.  Likewise, there is no indication that the Union is concealing defects in service, because there is no indication that the Union has been served.  If it had been, the plaintiff could reasonably be expected to have filed proof of service.

The plaintiff's only articulated claim is for "wrongful termination" while he was recovering from a work-related injury.  This is a claim for retaliatory discharge in violation of Ala. Code § 25-5-11.1.  Such a claim carries a two-year limitations period,[1] and there is no indication that this period has expired.  The plaintiff identifies no other factor the Court should consider, but the Court must note the plaintiff's apparent failure to take steps to serve the defendants for a full three months after being explicitly notified of his failure and the potential consequences thereof under Rule 4(m).

For the reasons set forth above, this action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 4th day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] *E.g., Rester v. McWane, Inc.*, 962 So. 2d 183, 186 (Ala. 2007).